36 F.3d 1092
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ahmed Tijani HABIB, Petitioner,
v.
U.S. IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 93-2567.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 23, 1994.
Decided Sept. 30, 1994.
 
 On Petition for Review of an Order of the Immigration and Naturalization Service. (A26-858-823)
 Winston W. Tsai, Bethesda, MD, for petitioner. Frank W. Hunger, Asst. Atty. Gen., Alison R. Drucker, Alice M. King, Office of Immigration Litigation, U.S. Dept. of Justice, Washington, DC, for respondent.
 I.N.S.
 AFFIRMED.
 Before HALL and MURNAGHAN, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Ahmed Tijani Habib, a native and citizen of Nigeria, came to the United States in 1982 as a nonimmigrant student. The period of his authorized stay expired in 1987. The Immigration and Naturalization Service (INS) instituted deportation proceedings in 1991, pursuant to 8 U.S.C.A. Sec. 1251(a)(1)(B) (West Supp.1994). Habib conceded deportability, but requested suspension of deportation pursuant to Sec. 244(a)(1) of the Immigration and Nationality Act, 8 U.S.C. Sec. 1254(a)(1) (1988). The immigration judge denied suspension. Habib appealed to the Board of Immigration Appeals (Board), which affirmed the judge's ruling. Habib petitions this Court for review.
 
 
 2
 The Attorney General may suspend the deportation of an alien who: (1) has been physically present in the United States for not less than seven years immediately preceding the application date; (2) is a person of good moral character; and (3) is "a person whose deportation would, in the opinion of the Attorney General, result in extreme hardship to the alien or to his spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence...." 8 U.S.C. Sec. 1254(a)(1). If these elements are shown, the Attorney General has discretion to suspend or refuse to suspend deportation. INS v. Rios-Pineda, 471 U.S. 444, 446 (1985). The alien bears the burden of establishing eligibility for suspension of deportation. Turri v. INS, 997 F.2d 1306, 1308 (10th Cir.1993).
 
 
 3
 In this case, the first two elements are not in dispute. The third element, extreme hardship, is discretionary with the Board, whose decision we review only for abuse of discretion. Id. "Extreme hardship" may be construed narrowly. INS v. Jong Ha Wang, 450 U.S. 139, 145 (1981). We accord deference to the Board's interpretation of the Act. Nwolise v. INS, 4 F.3d 306, 309 (4th Cir.1993), cert. denied, 62 U.S.L.W. 3471 (U.S.1994).
 
 
 4
 The judge evaluated Habib's hardship claims and found that they were not extreme. He found no evidence of closeness or affection between Habib and his wife, a United States citizen. He considered the fact that Habib had achieved his educational goals, that he had been in the country ten years, that he was healthy, and that he did not have much property or savings in this country. The judge considered the fact that Habib's aged father was in Nigeria, and that his uncle's family was in the United States. Habib's evidence of the political and economic situation in Nigeria, based on Habib's reading the newspapers and his uncle's three-week visit to Nigeria, was found to be inadequate evidence of the likelihood that Habib would be able to find employment.
 
 
 5
 Upon consideration of all the factors raised and all the evidence presented, the judge concluded that extreme hardship had not been established. The Board affirmed this holding. We find no abuse of discretion in the Board's ruling. Accordingly, we affirm the decision of the Board. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 AFFIRMED.